UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH MARTIN | CIVIL ACTION |
| VERSUS | NUMBER: **19-44** |
| SHERIFF DANIEL EDWARDS, ET AL | SECT "G" |
| | HON. NANNETTE JOLIVETTE BROWN |
| | MAG. (1) |
| | HON. JANIS van MEERVELD |

### MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE VIVIAN ANN CREEL CROCKETT AS THE PROPER PARTY FOR THE DECEASED DEFENDANT CAMERON CROCKETT

MAY IT PLEASE THE COURT:

The original Complaint in this case was filed on January 4, 2019. (Rec. Doc. 1). It included allegations of civil rights violations as well as negligence under state law. Cameron Crockett was not named at that time as a defendant. On January 11, 2019, the First Amended Complaint was filed. It added Cameron Crockett as a defendant joint tortfeasor. (Rec. Doc. 3). On April 5, 2019 the defendant Cameron Crockett filed an Answer to the original Complaint and First Amended Complaint. (Rec. Doc. 6). On June 10, 2020 the Second Amended Complaint was filed. (Rec. Doc. 32). On June 26, 2020 the defendant Cameron Crockett filed an Answer to the Second Amended Complaint. (Rec. Doc. 33). On December 14, 2020 the defendants filed the Suggestion of Death revealing that defendant Cameron Crockett died. (Rec. Doc. 56).

Plaintiff's investigation thereafter revealed that defendant Cameron Crockett died on December 13, 2020. His wife, Vivian Ann Creel Crockett, survives and pursuant to FRCP 25(1) is the proper party to substitute as she is his heir and the deceased's succession is not under administration. The plaintiff has confirmed that as of January 11, 2021 no succession has been opened on behalf or Cameron Crockett on Tangipahoa Parish.

Pursuant to FRCP 25(1) "if a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

In *Janvey v. Adams & Reese, LLP*, *et al*, 2014 WL 12834493 (N.D. Texas, Dallas Division 10/03/2014) the district court addressed the issue of who is a "proper party" under Rule 25. Adopting a liberal reading of the rule following the 1963 amendments, the court interpreted "proper parties" in Louisiana under Rule 25 to include "the heirs and legatees of the deceased, if the deceased's succession is not under administration". La Code Civil Proc. Art. 801(2).

Cameron Crockett's succession was never opened. Accordingly, his heir, Vivian Ann Creel Crockett, is the "proper party" to be substituted under Rule 25.

    Respectfully submitted;

    **GARY W. BIZAL, L.L.C.**

    /s/ Gary W. Bizal
    **GARY W. BIZAL** (La. Bar No. 1255)
    4907 Magazine St
    New Orleans, Louisiana 70115
    (504)525-1328 Telephone
    (504)525-1353 Fax

gary@garybizal.com  
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 11, 2021 I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all counsel of record registered for CM/ECF filing.

                                  /s/ *GARY W. BIZAL*