United States District Court

Eastern District of Louisiana

| | |
|---|---|
| Joseph Martin | Civil Action No: 19-cv-44 |
| v. | Section: G - Brown |
| Sheriff Daniel Edwards, *et al.* | Magistrate Judge: 1 – van Meerveld |

### Memorandum Opposing Motion to Substitute Vivian Ann Creel Crockett

Defendants oppose plaintiff's Motion to Substitute Vivian Ann Creel Crockett as Proper Party for Deceased Defendant Cameron Crockett (Rec. Doc. 66).

### Factual and Procedural Background

On January 4, 2019, plaintiff filed this suit (Rec. Doc. 1). Plaintiff named Cameron Crocket as a defendant.

On December 13, 2020, Cameron Crockett died. (Rec. Doc. 66-1 at p. 2).

A search of the records of Tangipahoa Parish on January 19, 2021, the parish in which Cameron Crockett resided and died, shows no succession has been opened for the decedent. Plaintiff admits that Cameron Crockett's succession has not been opened (Rec. Doc. 66-1, p.2).

### Law and Argument

#### Plaintiff's Motion to Substitute Vivian Ann Creel Crockett is improper.

Plaintiff claims under FRCP 25(1) that his claim against Cameron Crockett was not extinguished as this is an action for damages involving allegations of both a Civil Rights violation under 42 U.S.C. § 1983 and Supplemental State law claims under Louisiana Civil Code Article 2315 (Rec. Doc. 66 at p. 1). Plaintiff alleges that Vivian Ann Creel Crockett is Cameron Crockett's heir and the proper party to name in the place of the decedent defendant (Rec. Doc. 66 at p. 1).

Capacity to sue or be sued in Federal court is determined by the individual's domicile. Federal law relies on state law for determining whether a party can be named as a defendant in a proceeding *Campbell v. Travelers, Ins.*, 2008 WL 145048 (E.D. La. 1/14/2008).

1

Plaintiff correctly alleges that La. Code Civil Proc. Art. 801 applies in this matter (Rec. Doc 66-1, p. 2). However, plaintiff's interpretation of this statute is incorrect. La. Code Civil Proc. Art. 801 states when a party dies during the proceeding and the action is not extinguished by his death, his legal successor may be substituted by *ex parte* written motion supported by proof of his quality. Legal successor is defined in this article as the succession representative of the deceased appointed by the court, if a succession is under administration, or the heirs and legatees of the deceases if a succession has not been opened (La. C.C.P. Art. 801(2)).

Plaintiff admits that a succession for Cameron Crockett is not currently open or under administration. Therefore, all of Cameron Crockett's heirs and legatees must be joined in this action should the plaintiff want to continue to pursue an action against the decedent's estate. Plaintiff is attempting to substitute the widow of the deceased defendant, Cameron Crockett, with no proof she is his heir or legatee.

It is plaintiff's burden to determine who the heirs and legatees of Cameron Crockett and provide sufficient proof of quality. Jurisprudence interpreting Article 801 requires that a motion to substitute for a deceased party include proof of quality. (*Robert C. Kemper v. Don Coleman, Jr., Builder, Inc. et al.*, 746 So.2d 11, 15 (La. App. 2 Cir. 7/29/1999)).

Such proof accepted includes an affidavit of death and heirship or a judgment of possession. *Id*. The motion to substitute filed by the plaintiff includes no proof of quality as required by Article 801.

It is also the plaintiff's burden to include all of Cameron Crockett's heirs and legatees should plaintiff elect to continue to pursue this action against Cameron Crockett's estate.

### Plaintiff's motion to substitute provides no proof that Vivian Ann Creel Crockett is Cameron Crockett's heir or legatee.

Plaintiff's motion to substitute states Vivian Ann Creel Crockett is the decedent's surviving spouse. However, plaintiff fails to show whether the decedent

and his wife were subject to a community property regime. Only if the decedent and Vivian Ann Creel Crockett has a community property regime would she be an heir (See La. C.C. Art. 889, 900).

Plaintiff has provided no proof of Vivian Ann Creel Crockett's rights to the decedent's estate or whether they were in a community property regime. Without proof of her rights in the decedent's estate, Vivian Ann Creel Crockett cannot be classified as Cameron Crockett's heir. Plaintiff has failed to allege or provide proof that Cameron Crockett died testate and therefore have failed to prove Vivian Ann Creel Crockett is the decedent's legatee. Plaintiff must obtain a comprehensive list of the decedent's heirs and legatees with proof of quality for each. This Honorable Court cannot grant the motion to substitute before the plaintiff provides a complete list of all heirs and legatees with the requisite proof for each.

## Conclusion

Plaintiff's motion to substitute Vivian Ann Creel Crockett must be denied as no proof was provided that she is an heir or legatee of the decedent and no proof was provided that she is the only heir or legatee of the decedent.

Respectfully submitted on January 19, 2021.

> SEALE & ROSS, P.L.C.
>
> /s/Rebecca Gilson
> Glen R. Galbraith, #23087
> T. Jay Seale, III, #11901
> Rebecca Gilson, #30471
> 200 North Cate Street
> P.O. Drawer 699
> Hammond, LA 70404
> (985) 542-8500
> Fax (985) 542-4111
> *Counsel for defendants Sheriff Daniel Edwards; Stewart Murphy; Oscar Garcia; Hellary Greene, Jr.; Schirra Finn; Mark Francois; Torie Brown; Cody Callihan; Emmett McGowan; Lundon Scott; and Decorian Brown*

**Certificate of Service**

**I hereby certify** that on the 19th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

I further certify that I have mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:

>Stephanie Holland Pinion
>21082 Brighton Cove Drive
>Ponchatoula, Louisiana 70454;

>Blake Kirby
>43349 Firetower Road
>Ponchatoula, LA 70422

>Brandon Babin
>20204 Alex Broussard Road
>Walker, LA 70785

/s/Rebecca Gilson