UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-44** |
| **SHERIFF DANIEL EDWARDS, ET AL.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Plaintiff Joseph Martin ("Plaintiff") filed this suit challenging certain conditions of his incarceration at the Tangipahoa Parish Jail ("TPJ"). Plaintiff brings this action against Defendants Daniel Edwards, Stewart Murphy, Oscar Garcia, Cameron Crockett, Hellary Greene, Jr., Schirra Finn, Blake Kirby, Torie Brown, and Cody Callihan (collectively, "Defendants").[1] Before the Court is Plaintiff's "Motion to Substitute Vivian Ann Creel Crockett as Proper Party for Deceased Defendant Cameron Crockett."[2] Defendants oppose the motion.[3] Having considered the motion, the memorandum in support and in opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On January 1, 2019, Plaintiff filed a complaint against Daniel Edwards, Stewart Murphy,

---

[1] Rec. Docs. 1, 3, 32. Plaintiff also named as defendants Brandon Pinion through his executrix and/or succession representative Stephanie Holland Pinion, Mark Francois, Brandon Babin, Lundon Scott, Emmett McGowan, and Decorian Brown. Plaintiff's claims against Pinion were voluntarily dismissed on February 3, 2021. Rec. Doc. 75. Plaintiff's claims against Francois, Babin, Scott, McGowan, and Brown were voluntarily dismissed on February 17, 2021. Rec. Doc. 79.

[2] Rec. Doc. 66.

[3] Rec. Doc. 68.

Oscar Garcia, Cameron Crockett, and several John Doe defendants.[4] On January 11, 2019, Plaintiff filed a First Amended Complaint, adding Hellary Greene, Jr. as a defendant.[5] On June 6, 2020, with leave of Court, Plaintiff filed a Second Amended Complaint, adding Schirra Finn, Blake Kirby, Torie Brown, and Cody Callihan as defendants.[6]

Plaintiff brings this action under 42 U.S.C §§ 1983 and 1988.[7] Following his arrest on November 20, 2017, Plaintiff was placed in the "X" tier at TPJ, a tier allegedly controlled by a gang of inmates.[8] According to the Complaint, Plaintiff was terrorized by this gang with threats of violence and actual beatings.[9] Plaintiff claims that he prepared multiple Request Forms asking for help and delivered them to deputies and jail staff, but his requests were allegedly ignored.[10]

On the evening of January 15, 2018, Plaintiff alleges that he was severely beaten by members of the gang.[11] He claims he was taken to Lallie Kemp Regional Medical Center where he was diagnosed with contusions, visual disturbances, facial lacerations, and jaw and facial fractures.[12] Thereafter he alleges that he was transferred to University Medical Center New Orleans for surgical repair of his right zygomatic fracture.[13] On January 20, 2018, Plaintiff

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 3.

[6] Rec. Doc. 32. *See supra* text accompanying note 1.

[7] Rec. Doc. 32.

[8] *Id.* at 11–12.

[9] *Id.* at 12.

[10] *Id.* at 13–14.

[11] *Id.* at 15.

[12] *Id.* at 16–17.

[13] *Id.* at 17.

underwent reconstructive surgery.[14] On December 5, 2019, Plaintiff had a second surgery to remove hardware from his face.[15]

On December 13, 2020, Defendant Cameron Crockett ("Mr. Crockett") died.[16] On December 14, 2020, Defendants filed a Suggestion of Death, notifying the Court of Mr. Crockett's death.[17] On January 11, 2021, Plaintiff filed the instant motion to substitute Mr. Crockett's wife, Vivian Ann Creel Crockett ("Mrs. Crockett"), in place of the decedent.[18] On January 19, 2021, Defendants filed an opposition to the motion to substitute.[19]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of the Motion*

Plaintiff claims that Mrs. Crockett should be substituted in place of Mr. Crockett following his death because Mr. Crockett's "succession is not under administration."[20] Plaintiff contends that Mrs. Crockett is Mr. Crockett's heir and therefore, is the proper party to substitute in his place under Louisiana law.[21]

### B.  *Defendants' Arguments in Opposition to the Motion*

Defendants agree with Plaintiff that Mr. Crockett's succession has not yet been opened.[22]

---

[14] *Id.*

[15] *Id.*

[16] Rec. Doc. 68 at 1.

[17] Rec. Doc. 56.

[18] Rec. Doc. 66.

[19] Rec. Doc. 68.

[20] Rec. Doc. 66-1 at 2.

[21] *Id.*

[22] Rec. Doc. 68 at 1.

Defendants also agree with Plaintiff that, because a succession has not been opened for Mr. Crockett, Plaintiff must substitute Mr. Crockett's heirs and legatees.[23] Defendants claim, however, that Plaintiff has failed to provide any evidence that Mrs. Crockett is Mr. Crockett's heir or legatee as required by Louisiana law.[24] Therefore, Defendants argue that the motion to substitute should be denied.[25]

### III. Law & Analysis

Federal Rule of Civil Procedure 25 "governs substitution of a third party for another in the event of death."[26] Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Defendants do not argue that the motion to substitute was untimely or that Plaintiff's claim was extinguished by Mr. Crockett's death. Instead, they claim that the motion to substitute is deficient because it fails to provide proof that Mrs. Crockett is the proper party for substitution.[27]

Rule 25 provides that, upon the death of a party to litigation, a court can order substitution of a "proper party." However, the Rule does not define the term "proper party." Both parties apply Louisiana law to determine who qualifies as a proper party in this instance.[28] Under Louisiana

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Janvey v. Adams & Reese, LLP*, No. 3:12-0495-N, 2014 WL 12834493, at *2 (N.D. Tex. Oct. 3, 2014).

[27] Rec. Doc. 68 at 2.

[28] Rec. Doc. 66-1 at 2; Rec. Doc. 68 at 2. Courts are split on whether to apply state law or federal law in determining proper parties for substitution. *See, e.g.*, *Janvey*, 2014 WL 12834493, at *3 ("[A] number of courts interpreting Rule 25 to include distributees within the term "successors" have done so without any reference to state law."); *Washington v. Louisiana*, No. CIV.A. 11-334-BAJ, 2013 WL 4048561, at *2 (M.D.

law, a proper party for substitution is defined in Louisiana Code of Civil Procedure article 801 as the deceased party's "legal successor."[29] A legal successor is determined depending on whether or not succession is under administration.[30] If succession has been opened, the legal successor is the succession representative appointed by a state court.[31] If, however, succession has yet not been opened, the legal successors are the heirs and legatees of the deceased.[32]

Both parties agree that Mr. Crockett's succession has not been and is not currently under administration.[33] Therefore, the proper parties for substitution are Mr. Crockett's heirs and legatees.[34] Under Louisiana law, a surviving spouse is an heir.[35] Defendants do not dispute that Mrs. Crockett is Mr. Crockett's surviving spouse nor provide any evidence to dispute that Mrs. Crockett is Mr. Crockett's heir.[36] Therefore, as the decedent's surviving spouse, Mrs. Crockett is

---

La. Aug. 9, 2013) ("[I]n order to qualify as a proper substitute plaintiff for his deceased wife, Mr. Washington must qualify as either successor or representative of his wife's estate."); *Blassingill v. Reyes*, No. 3:17-CV-3415-B (BH), 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018), *report and recommendation adopted,* No. 3:17-3415-B (BH), 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018) (applying Texas law to determine proper parties for substitution). Under federal law, a proper party is one who qualifies as a successor, a representative, or a distributee. *See, e.g.*, *Washington*, 2013 WL 4048561, at *2; *McSurely v. McClellan*, 753 F.2d 88, 99 (D.C. Cir. 1985); *In re Baycol Prod. Litig.*, 616 F.3d 778, 784 (8th Cir. 2010). Based on the parties' representations, it does not appear that there is currently an executor, administrator, or distibutee of Mr. Crockett's estate. Therefore, this Court will apply state law.

[29] *In re Katrina Canal Breaches Consol. Litig.*, No. CA 10-866, 2012 WL 1247213, at *3 (E.D. La. Apr. 13, 2012) (Duval, J.).

[30] La. Code. Civ. Proc. art. 801.

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 66-1 at 2 ("Cameron Crockett's succession was never opened"); Rec. Doc. 68 ("no succession has been opened for the decedent").

[34] Rec. Doc. 66-1 at 2; Rec. Doc. 68 at 2.

[35] *See, e.g.*, *Succession of Pyle*, 434 So. 2d 523, 525 (La. App. 2 Cir. 1983).

[36] The Court notes that counsel for Defendants opposing the instant motion to substitute represented Mr. Crockett in this matter before his death.

a proper party for substitution.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joseph Martin's "Motion to Substitute Vivian Ann Creel Crockett as Proper Party for Deceased Defendant Cameron Crockett"[37] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this 15th day of March, 2021.

 _____
 **NANNETTE JOLIVETTE BROWN**
 **CHIEF JUDGE**
 **UNITED STATES DISTRICT COURT**

---

[37] Rec. Doc. 66.